J-S29014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DANIEL C. HARRIS | |
| Appellant | No. 1291 MDA 2013 |

Appeal from the Judgment of Sentence January 10, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002176-2012

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.:          **FILED AUGUST 22, 2014**

Appellant, Daniel C. Harris, appeals from the judgment of sentence entered January 10, 2013, by the Honorable Richard A. Lewis, Court of Common Pleas of Dauphin County.  We affirm.

On the evening of February 20, 2012, Harrisburg City Police Officers were dispatched to an apartment located at 1416 Thompson Street to investigate a reported shooting.[1]  Therein, police discovered the victim, Matt Harrell, lying in a fetal position on the floor next to a bed with a gunshot wound to the back of the head.  The victim was pronounced dead at the scene.  Eyewitnesses Chuck Long, Tandra Jones and Thalia Waddell, who

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] For a detailed recitation of the facts and history of this case, we direct the reader to the trial court's well-written memorandum opinion.  **See** Trial Court Opinion, 11/20/13 at 3-19.

were present at the time of the shooting, observed that a fight had ensued between Harris, who had been at the apartment selling crack cocaine, and the victim, because Harris believed the victim had stolen a bag of drugs. During the altercation, Harris shot the victim, who then fell off a bed onto the floor. Harris reportedly then stood over the victim and shot him several more times, including a shot to the back of the head, while the victim was on his knees on the floor. Shortly thereafter, Long reported the crime to the police. Both Long and Jones identified Harris as the shooter.

Harris was arrested and charged with, among other crimes, one count of Criminal Homicide[2] and Firearms Not to be Carried without a License.[3] Following a jury trial, on January 10, 2013, Harris was convicted of both charges and sentenced to an aggregate term of life imprisonment. On April 26, 2013, by agreement with the Commonwealth, the trial court reinstated Harris's appellate rights *nunc pro tunc*. Thereafter, on May 6, 2013, Harris filed a post-sentence motion requesting a new trial, which the court denied on June 18, 2013. This timely appeal followed.

On appeal, Harris raises the following issues for our review:

I.    Whether the trial court erred in denying [Harris's] Post-Sentence Motion where the jury's verdict was against the weight of the evidence so as to shock one's sense of justice where the Commonwealth: presented the unreliable, contradictory, and inconsistent testimony of

---

[2] 18 PA.CONS.STAT.ANN. § 2501(a).
[3] 18 PA.CONS.STAT.ANN. § 6106.

Tandras Jones, Charles Long, and Thalia Waddell, and; [sic] failed to prove that Appellant committed the crimes charged?

II. Assuming arguendo that [Harris] was the shooter, whether the Commonwealth failed to present sufficient evidence to sustain [Harris's] convictions where the Commonwealth failed to prove that [Harris] possessed specific intent and … instead acted out of a sudden and intense passion and self-defense?

Appellant's Brief at 5.

Harris challenges both the sufficiency and the weight of the evidence in support of his convictions. We review a challenge to the sufficiency of the evidence as follows:

The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury

- 3 -

of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Slocum*, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

Conversely, a challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted). Our standard when reviewing a weight of the evidence claim is well settled.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.' " It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail."

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear

- 4 -

and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

*Id*. at 1015-1016 (citation omitted).

Instantly, Harris first argues that the testimony of Commonwealth witnesses Jones, Long, and Waddell was so unreliable, contradictory and inconsistent as to render the verdict against the weight of the evidence. Specifically, Harris alleges the witnesses did not accurately describe the outfit worn by Harris the night of the murder, that they incorrectly testified that Harris was covered in the victim's blood, and that the witnesses were habitual drug abusers who had previous convictions for crimes involving dishonesty. Appellant's Brief at 12-13.

- 5 -

Our review of the record reveals that, on the whole, the witnesses'

accounts of the shooting were substantially similar in all major aspects. The

trial court summarized the testimony thusly:

> Chuck Long and Tandras Jones provided eyewitness testimony stating that Harris [shot the victim] in the neck during the struggle on the bed. (N.T. 1/18/13, pp. 172-177; 222). Within a day of the incident, Long and Jones positively identified Harris as the shooter by choosing his picture out of a photo array and also identified him at trial. (N.T. 1/18/13, pp. 180; 233-234). Jones and Long testified that after the first shot, they saw Harris put the gun to [the victim's] head while the argument continued over the missing sack of drugs. (N.T. 1/18/13, pp. 177; 223-224). Ms. Jones and Mr. Long also testified that they saw Harris shoot [the victim] in the head while [the victim] was on his knees. (N.T. 1/18/13, pp. 224; 229-230). Additionally, Thalia Waddell heard the first shot then heard [the victim] say "I got shot" as he fell on the floor. (N.T. 1/18/13, pp. 286-287). When she ran into the bathroom for safety, she heard two more shots and a person hitting the floor. Ms. Waddell came out of the bathroom and found [the victim] curled upon the floor as he took his last breath. (N.T. 1/1/13, pp. 288-290).

> Mr. Long's, Ms. Jones' and Ms. Waddell's testimony presented essentially the same set of factual circumstances leading up to the murder: the individuals who were present at the time of the shooting; Harris had been in the apartment several times that day to sell drugs; [the victim] was trying to trade barber clips to Harris for crack cocaine; Harris discovered that a bag of drugs belonging to him was missing; he pulled a gun on [the victim] as he believed that while they were interacting to make a drug transaction … [the victim] took the drugs; an argument and physical fight ensued; Harris shot [the victim] during a struggle on the bed and then shot him at least two more times while [the victim] was off the bed, on his knees, still denying that he had stolen any drugs.

*See* Trial Court Opinion, 11/20/13 at 20-21.

The striking similarity of the witnesses' description of the events

surrounding the murder belies Harris's claim that the accounts were so

inconsistent as to be unreliable. The jury clearly resolved any inconsistencies among the testimony as it saw fit and reached a verdict. *See Orie*, 88 A.3d at 1017 ("It is well settled that the jury is free to believe all, part or none of the evidence and must determine the credibility of the witnesses."). The trial judge, after observing the proceedings, determined that the jury's verdict was not against the weight of the evidence. After reviewing the record, we find no misapplication of law or abuse of discretion in that decision. Accordingly, we find Harris's claim to be meritless.

Lastly, Harris contends that, assuming *arguendo* he did shoot the victim, the evidence was insufficient to support his conviction for first-degree murder because the Commonwealth failed to establish Harris possessed a specific intent to kill. Appellant's Brief at 14. Harris argues that he instead acted "out of a sudden and intense passion and self-defense." *Id*. "To obtain a first-degree murder conviction, the Commonwealth must demonstrate that a human being was unlawfully killed, the defendant perpetrated the killing, and that the defendant acted with malice and a specific intent to kill." *Commonwealth v. Burno*, --- A.3d ---, 2014 WL 2722758 at *10 (Pa., filed June 26, 2014) (citation omitted). A specific intent to kill "may be established through circumstantial evidence such as the use of a deadly weapon on a vital part of the victim's body." *Id*. (citation omitted).

Regarding Harris's self-defense claim, we note that "[t]he use of force upon or toward another person is justifiable when the actor believes that

such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." 18 PA.CONS.STAT.ANN. § 505(a). "Although the defendant has no burden to prove self-defense, … before the defense is properly in issue, 'there must be some evidence, from whatever source, to justify such a finding.'" ***Commonwealth v. Mouzon***, 53 A.3d 738, 740 (Pa. 2012) (citation omitted). Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." ***Commonwealth v. Torres***, 766 A.2d 342, 345 (Pa. 2001).

The Commonwealth sustains its burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." ***Commonwealth v. McClendon***, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citation omitted). "It remains the province of the [finder of fact] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." ***Id***.

In support of his self-defense claim, Harris claims that he reasonably believed he was in danger of death or serious bodily injury "as the intoxicated victim stole Appellant's crack, causing Appellant to confront the victim in an attempt to recover his property." Appellant's Brief at 15. Harris contends the victim, who outweighed Harris, then pinned him to the ground

so that he was unable to retreat. *Id*. at 16. We do not find these allegations sufficient to support a finding that Harris reasonably believed he was in danger of death or serious bodily injury. Moreover, as previously noted, three separate Commonwealth witnesses testified that they observed Harris shoot the victim in the head while the victim was on his knees— directly contradicting Harris's testimony that the he had been pinned by the victim or that he was unable to safely retreat. Clearly, the jury credited the witnesses' testimony, and we find no evidence to substantiate Harris's claim that he acted in self-defense.

For the same reason, we find no merit to Harris's claim that he killed the victim as a result of serious provocation. "A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by ... the individual killed ...." 18 Pa.C.S § 2503(a). "The test for [serious] provocation is whether a reasonable person confronted by the same series of events, would become impassioned to the extent that his mind would be incapable of cool reflection." **Commonwealth v. Truong**, 36 A.3d 592, 600 (Pa. Super. 2012) (citation omitted), **appeal denied**, 618 Pa. 688, 57 A.3d 70 (2012). Harris baldly claims that "the victim's attack … terrified Appellant, rendering Appellant's mind incapable of reason." Appellant's Brief at 19. We find no facts of record to substantiate this claim. Therefore, this claim, too, fails.

As we find no merit to Harris's claims that his convictions were against the weight and sufficiency of the evidence, we affirm his judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2014